(3)

**FILED**
JUL 2 7 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJ

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    ) Case No. 05-25853-C-7
                                         )
FRANKLIN A. VAN DYKE, Sr. and            ) DC No. PDM-1
YAVONDA R. VAN DYKE,                     )
                                         )
         Debtors.                        )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtors filed this voluntary chapter 7 petition on May 13, 2005.  They scheduled real property commonly known as 8338 Sea Island Court, Elk Grove, CA ("the property") as an asset of the estate.  The property was scheduled as exempt in the amount of $75,000.  The chapter 7 trustee filed a report finding that

16

there was no property available for distribution from the estate over and above that exempted by debtor.

On June 27, 2005, Long Beach Mortgage Company ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to commence foreclosure proceedings against the property. Movant's motion requests attorneys' fees and costs. The motion, notice, and declaration were properly served and a final hearing thereon was set for July 26, 2005.

The motion and declaration establish that the property is worth $430,000. Movant asserts that it is owed $372,163.62. There are no other liens against the property. Using the movant's numbers, debtors have equity in excess of $57,000.

No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective

reorganization.  § 362(d)(2).

In this instance, debtor has equity in excess of 57,000. As such, the motion requesting relief from the automatic stay as against the debtors shall be denied without prejudice.

Because the trustee filed a no asset report, the motion will be granted as to the trustee.

Additionally, in light of the fact that movant's motion was unnecessary, the court denies movant's request for attorney's fees and costs.  As such, debtor is deemed to be the prevailing party for purposes of California Civil Code § 1717.

An appropriate order will issue.

Dated: July 27, 2005

_____
UNITED STATES BANKRUPTCY JUDGE